IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHONTRAL L. FARRIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-825-D |
| | ) | |
| R. JAMES NICHOLSON, SECRETARY | ) | |
| OF VETERANS AFFAIRS, UNITED | ) | |
| STATES DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion in Limine [Doc. No. 44], which seeks to prohibit Plaintiff from presenting evidence and argument at trial regarding: (1) claims and issues resolved by summary judgment, namely, Plaintiff's allegations of racial and retaliatory harassment and retaliatory termination and her request for punitive damages; and (2) proceedings before the Oklahoma Employment Security Commission (OESC) regarding Plaintiff's claim for unemployment benefits. Plaintiff has timely opposed the motion. The Court rules on these issues as follows.

**1.  Adjudicated Claims**

In this Title VII case, the Court has previously granted summary judgment to Defendant on Plaintiff's claims of retaliation and racially hostile work environment and the issue of punitive damages, leaving for trial claims of hostile work environment sexual harassment and discriminatory termination based on Plaintiff's gender and minority race. *See* Order 4/24/08 [Doc. No. 36] at 19.

In the present Motion, Defendant contends that evidence and testimony concerning the adjudicated claims and issues should be excluded as either irrelevant or unduly prejudicial and likely to confuse and mislead the jury, citing Fed. R. Evid. 401-03. Plaintiff responds only that the Court's

summary judgment rulings are reflected in the Final Pretrial Report, which upon approval serves as the Final Pretrial Order. An examination of the Final Pretrial Report reveals no mention of the adjudicated claims and issues, and thus Plaintiff presumably does not intend to pursue or mention them at trial.

Nevertheless, it is unclear from Defendant's Motion and Plaintiff's response how omission of the adjudicated claims and issues from the trial will affect Plaintiff's presentation of evidence concerning her hostile work environment sexual harassment claim, which depends on the totality of circumstances. In Plaintiff's summary judgment materials, she presented a litany of alleged abusive conduct by coworkers, much of which was facially neutral and was presented in support of all alleged harassment claims (retaliatory and racial harassment and well as sexual harassment). The Court anticipates that Plaintiff will present much of this same evidence at trial, and such evidence is highly relevant under prevailing law. *See Chavez v. New Mexico*, 397 F.3d 826, 833 (10th Cir.2005) ("when a plaintiff introduces evidence of both gender-based and gender-neutral harassment, and when a jury, viewing the evidence in context, 'reasonably could view all of the allegedly harassing conduct . . . as the product of sex and gender hostility,' then 'it is for the fact finder to decide whether such an inference should be drawn'"); *quoting O'Shea v. Yellow Tech. Services, Inc.*, 185 F.3d 1093, 1098 (10th Cir. 1999).

Therefore, the Court will grant Defendant's Motion only to the extent it seeks to preclude Plaintiff from referring expressly to her prior allegations of retaliation and racial harassment, but will deny the Motion to the extent it seeks to preclude Plaintiff from presenting evidence concerning all abusive conduct by coworkers.

**2.     OESC Proceedings**

Defendant seeks to exclude evidence and argument regarding OESC records and Plaintiff's claim for unemployment benefits. Defendant notes that Plaintiff lists as trial exhibits documents regarding her OESC case that reflect administrative determinations or decisions that are inadmissible under Oklahoma law. *See* Okla. Stat. tit. 40, § 3-117; *see also id*. § 2-610.1. Defendant also argues that federal courts do not give preclusive effect to such state agency decisions. In response, Plaintiff concedes the Oklahoma statute "precludes use of the findings of fact or law, judgment, conclusion or final order of the [OESC] in this case," but she contends that she may use other documents and evidence relating to Plaintiff's OESC claim, if otherwise relevant and admissible. *See* Pl.'s Resp. [Doc. 56] at 2. The only evidence expressly mentioned in Plaintiff's response is allegedly inconsistent testimony given by a witness in both cases, Leigh Mulanax, which Plaintiff may wish to present for impeachment purposes.

Clearly, Defendant's request that the Court prohibit *any* reference to Plaintiff's OESC case, based on the arguments in Defendant's brief, is overbroad. In fact, an examination of the Final Pretrial Order suggests Defendant intends to utilize OESC-related evidence; Defendant lists as a contention that Plaintiff's damages should be reduced due to her receipt of Oklahoma unemployment compensation benefits. Because Plaintiff agrees not to introduce at trial documents that reflect OESC findings, determinations, and orders, and because Defendant offers no legal authority for excluding other OESC-related documents, it appears that Defendant's Motion presents no issue for decision by the Court. The relevance and admissibility of evidence related to Plaintiff's unemployment compensation claim that does not reflect OESC findings will be determined at trial upon Defendant's contemporaneous objection.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine [Doc. No. 44] is GRANTED in part and DENIED in part, as stated herein.

IT IS SO ORDERED this 9th day of September, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE